UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LISA JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:15CV338 JCH |
| ) | |
| AETNA LIFE INSURANCE COMPANY, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss, filed April 23, 2015. (ECF No. 5). The motion is fully briefed and ready for disposition.

## **BACKGROUND**[1]

Plaintiff Lisa Jones was a participant in Defendant The Boeing Company Employee Health and Welfare Benefit Plan (Plan 503) ("Plan"), an employee benefit plan sponsored by Defendant The Boeing Company ("Boeing"), and governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et seq.* (Complaint ("Compl."), ¶¶ 3, 4, 8; Plan, P. 95). Defendant the Employee Benefit Plans Committee ("Committee") was the Plan Administrator for the Plan. (Plan, PP. 93, 95). The Plan provided participants coverage for short term disability ("STD") benefits, and such benefits were self-funded by Boeing and administered by Defendant Aetna Life Insurance Company ("Aetna"). (Compl, ¶¶ 2, 6, 8; Plan, PP. 22-27, 95, 104).

---

[1] The Court's background section is taken from Plaintiff's Complaint and the Plan, filed by Defendants and incorporated into Plaintiff's Complaint by reference.

- 1 -

In her Complaint in this matter, filed February 23, 2015, Plaintiff alleges she became disabled as of October 16, 2013. (Compl., ¶ 8). She asserts that Aetna, the Committee and/or Boeing failed timely to pay her STD benefits. (*Id.*, ¶ 11). Plaintiff further alleges that, "[p]leading hypothetically and in the alternative, Defendants Aetna, Committee and/or Boeing failed to provide Plaintiff notice of how to obtain benefits, either through actual notice or thorough the Summary Plan Description or, failed to provide her a copy of the Summary Plan Description, or alternatively, failed to provide Plaintiff with a copy of her claims file as required by ERISA; any or all of which allegedly resulted in a failure by Plaintiff to provide the necessary information to receive the disability benefits." (*Id.*, ¶ 12). Based on these allegations, Plaintiff seeks benefits under 29 U.S.C. § 1132(a)(1)(B) (Count I); alleges a breach of fiduciary duty under ERISA (Count II)[2]; and alleges a claim for statutory penalties under 29 U.S.C. §§ 1022(a), 1024(b), and 1132(c), for failure timely to provide the Summary Plan Description and/or the administrative record. (*Id.*, ¶¶ 7-26).

As noted above, Defendants filed the instant Motion to Dismiss on April 23, 2015, claiming Counts II and III of Plaintiff's Complaint must be dismissed because: (1) Plaintiff fails to allege those claims with sufficient particularity; (2) Plaintiff fails to plead the elements of a statutory penalty claim; (3) Plaintiff's fiduciary breach claim is nothing more than a repackaged claim for benefits under § 1132(a)(1)(B); and (4) the Committee and Boeing are not proper party Defendants to Plaintiff's claims.

**STANDARD FOR MOTION TO DISMISS**

In ruling on a motion dismiss, the Court must view the allegations in the complaint in the light most favorable to Plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). The Court, "must accept the allegations contained in the complaint as true and draw all reasonable

---

2 Defendants assume in their motion that Count II is brought under 29 U.S.C. § 1132(a)(3), and Plaintiff does not

inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). The complaint's factual allegations must be sufficient "to raise a right to relief above the speculative level," however, and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P. 12(b)(6) found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Furthermore, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555 (pleading offering only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not do)).

## DISCUSSION

### I. Should Count III Be Dismissed For Failure To State A Claim?

In Count III of her Complaint, Plaintiff pleads in relevant part as follows:

22. Pleading alternatively, Defendants Aetna, Committee or Boeing acted as the Plan Administrator for the actions described herein.

23. Defendants therefore failed to reasonably apprise participants and beneficiaries of their rights and obligations under the Plan by providing a Summary Plan Description and/or the Administrative Record pursuant to 29 U.S.C. §§ 1022(a), 1024(b) and 1132(c).

24. Pleading alternatively, as a direct result of this failure, Plaintiff did not receive the benefits she was entitled to under the disability benefits.

25. Plaintiff is therefore entitled to either restitution or surcharge or damages in an amount in excess of $25,000, or penalties pursuant to ERISA 502(a)(1)(A) and 502(c).

(Compl., ¶¶ 22-25). In their motion Defendants claim that with these allegations, Plaintiff fails to plead the basic elements of a statutory penalty claim under 29 U.S.C. §§ 1024(b) and 1132(c).

---

contradict this assumption.

(Memorandum in Support of Defendants' Motion to Dismiss ("Defendants' Memo in Support"), PP. 7-10).

29 U.S.C. § 1024(b)(4) requires the plan administrator, upon written request, to furnish certain enumerated reports to plan participants or beneficiaries. *Kerr v. Charles F. Vatterott & Co.*, 184 F.3d 938, 946 (8th Cir. 1999). "Section 1132(c)(1)(B) penalizes the plan administrator for failure to supply requested information within thirty days of the request by making the administrator, 'in the court's discretion[,] personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal....'" *Id.* at 946-47 (quoting 29 U.S.C. § 1132(c)(1)).[3] "Thus, a failure to comply with § 1024(b)(4) would trigger penalties pursuant to § 1132(c)(1)(B)." *Settell v. Metropolitan Life Ins. Co.*, 633 F.Supp.2d 695, 712 (N.D. Iowa 2009). "To recover on a claim for a § 1132(c) penalty, the claimant must prove (1) that he or she requested the [enumerated plan document] in writing and (2) that the plan administrator failed to provide it." *Id.* (citing *Kerr*, 184 F.3d at 948); *see also Caprario*, 2014 WL 2637387, at *3 ("To survive the instant motion to dismiss, Count I of Caprario's complaint [for statutory damages under 29 U.S.C. § 1132(c)(1)(B)] need only be supported by sufficient facts from which the Court can infer that Caprario made a permissible request for disclosure of information from the plan administrator and the plan administrator did not timely make the disclosure.").

### A. Administrative Record

Defendants maintain Plaintiff's § 1132(c)(1)(B) claim with respect to the administrative record fails for two reasons: first, because she does not assert she made a written request to the Plan Administrator for the documents, and second, because the administrative file (or claim record) is not

---

3 "The statutory damages allowed by 29 U.S.C. § 1132(c)(1)(B) do not exist to remedy a denial of benefits, but to provide plan administrators with an incentive to comply with the requirements of ERISA." *Caprario v. Sodexo, Inc.*, 2014 WL 2637387, at *3 (W.D. Ark. Jun 13, 2014) (internal quotations and citation omitted).

one of the documents a plan administrator is required to produce within thirty days under 29 U.S.C. §§ 1024(b) and 1132(c). Upon consideration, the Court finds it need not consider Defendants' second contention, as in her response Plaintiff does not assert she ever made a written request for the claim record. Under these circumstances, this portion of her claim under 29 U.S.C. §§ 1024(b) and 1132(c) must be dismissed.

### B. Summary Plan Description

With respect to the Summary Plan Description, Defendants again note Plaintiff does not assert she made a written request to the Plan Administrator, as required to state a claim under 29 U.S.C. §§ 1024(b) and 1132(c). In response Plaintiff claims that under Eighth Circuit law, as enunciated in *Silva v. Metropolitan Life Ins. Co.*, 762 F.3d 711 (8th Cir. 2014), equitable relief is available to her as a result of Defendants' alleged failure to provide her a copy of the Summary Plan Description. (Plaintiff's Memorandum in Opposition to Motion to Dismiss/Request for Leave to Amend ("Plaintiff's Opp."), P. 4).

In *Silva*, the plaintiff sought to recover the benefits of his decedent's life insurance policy under 29 U.S.C. § 1132(a)(1)(B). *Silva*, 762 F.3d at 713, 716-17. The plaintiff later moved to amend his complaint to add an additional ERISA claim under 29 U.S.C. § 1132(a)(3), "which allows 'a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain *other appropriate equitable relief* (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan[.]'" *Id.* at 717 (quoting 29 U.S.C. § 1132(a)(3) (emphasis added)). Specifically, Silva sought to claim that defendant Savvis Communications Corporation had breached an ERISA-imposed fiduciary duty, by failing to provide Silva's decedent with a summary plan description. *Id.* at 720. The district court denied plaintiff's request, "finding that the § 1132(a)(3) claim was futile because

Silva sought money damages ($429,000 in policy benefits), rather than equitable relief, which the district court concluded was unavailable under that section of the statute." *Id.* at 719.[4] The district court further denied Silva's claim for ERISA benefits, concluding that the plaintiff's decedent "had not completed the requirements for obtaining approval for a late enrollment supplemental life insurance policy [before he died][5], and therefore, [defendant] MetLife did not owe Silva payment under the terms of any such policy." *Id.* at 717.

In reversing the district court, the Eighth Circuit summarized the new claim in Silva's proposed amended complaint as follows:

> Silva claims that Savvis, as a plan administrator, breached an ERISA-imposed fiduciary duty by failing to provide [plaintiff's decedent] with a summary plan description, which could have explained the Statement of Health form requirement as being a prerequisite….Silva argues the absence of a summary plan description caused harm because it would have listed the requirements for enrolling in a life insurance policy in an easy-to-understand format; and, if [plaintiff's decedent] had been provided with that information, he would have completed the requirements to enroll in the Plan.

*Id.* at 720-21. The Court first concluded that those alleged facts, "if proven, show that Savvis breached its fiduciary duty to act in the interest of plan participants when it failed to provide [plaintiff's decedent] with necessary information regarding enrolling in the Plan." *Id.* at 721 (citation omitted).[6] The Eighth Circuit then considered whether or not the alleged wrong had a remedy, and concluded that "the Supreme Court's decision in [*CIGNA Corp. v. Amara*, --- U.S. ---, 131 S.Ct. 1866, 179 L.Ed.2d 843 (2011)] changed the legal landscape by clearly spelling out the possibility of an equitable remedy under ERISA for breaches of fiduciary obligations by plan administrators." *Id.*

---

4 The district court based its denial primarily on *Pichoff v. OHG of Springdale, Inc.*, 556 F.3d 728, 731 (8th Cir. 2009), in which the Eighth Circuit explained that the term "other appropriate equitable relief" was limited to relief that was "typically available in equity (such as injunction, mandamus, and restitution, but not compensatory damages)." *Silva*, 762 F.3d at 720 (internal quotations and citations omitted).

5 Specifically, the district court agreed with the defendants that plaintiff's decedent had not completed the required Statement of Health form. *Silva*, 762 F.3d at 721 n. 9.

6 "Under ERISA, the plan administrator must distribute a summary plan description to all participants." *Silva*, 762 F.3d at 721 (citing 29 U.S.C. § 1022).

at 722 (citing *Amara*, 131 S.Ct. at 1881). The Court therefore reversed the district court's determination that a claim under § 1132(a)(3) against Savvis would be futile, holding instead that the plaintiff might be entitled to relief under the equitable theory of surcharge, if he could show harm resulting from the plan administrator's breach of a fiduciary duty. *Id.*

Upon consideration the Court finds that with her claims, Plaintiff here makes a claim similar to that in *Silva*, albeit in a confusing manner. In other words, Plaintiff includes her claim regarding Defendants' alleged failure to provide the Summary Plan Description in a count referencing statutory penalties under 29 U.S.C. § 1132(c)(1)(B), but then acknowledges in her response that she in fact seeks equitable relief, in the form of restitution or a surcharge, under 29 U.S.C. § 1132(a)(3). (*See* Plaintiff's Opp., P. 2). As the latter form of relief may be available under *Silva*, the Court will grant Plaintiff leave to file an Amended Complaint, in which she asserts her claim for equitable relief under the correct provision of ERISA.[7]

## II. Should Count II Be Dismissed As Duplicative Of Count I?

In their motion, Defendants further assert Plaintiff's Count II fiduciary breach claim must be dismissed, as it consists of nothing more than a repackaged claim for benefits under 29 U.S.C. § 1132(a)(1)(B). (Defendants' Memo in Support, PP. 10-12). In light of the above ruling permitting Plaintiff to replead Count II of her Complaint, the Court need not address Defendants' assertion at this time. The Court notes the argument would likely fail on a motion to dismiss in any event, as the Eighth Circuit in *Silva* held that a plaintiff often is allowed to present alternative theories of liability:

> Under § 1132(a)(1)(B), Silva is arguing that the insurance policy was valid and that [plaintiff's decedent's] failure to provide evidence of insurability does not alter the validity of the policy. In the alternative, under § 1132(a)(3), Silva is arguing that if [plaintiff's decedent's] policy was never validly approved and therefore did not go into effect due to the missing Statement of Health form, MetLife and Savvis are still liable to him due to fiduciary

---

7 Plaintiff is cautioned against pleading "hypothetically" in her Amended Complaint; instead, she must specifically allege the time(s) the administrator failed to provide the Summary Plan Description.

misconduct. These arguments assert different theories of liability. Because these claims are based on alternative legal bases for relief, Silva may plead both. If on remand, the district court finds Defendants liable under Silva's § 1132(a)(1)(B) claim, then the court need not reach his claim under the equitable catchall provision, § 1132(a)(3), as the former subsection has already provided Silva with "adequate relief." But at the motion to dismiss stage of litigation, we simply hold that on remand that Silva is allowed to assert liability under the two subsections of 29 U.S.C. § 1132 at issue in this case.

*Silva*, 762 F.3d at 727-28 (internal citation and footnotes omitted).

### III. Are Counts II And III Pled With Sufficient Particularity To Meet Federal Pleading Standards?

Defendants finally assert Counts II and III are too vaguely pled to survive an attack under Federal Rule of Civil Procedure 8[8], *Ashcroft* and *Twombly*. (Defendants' Memo in Support, PP. 4-7). Specifically, Defendants complain that despite the presence of four distinct Defendants, Plaintiff refers generically to "Defendants" in her Complaint, and at times accuses "Aetna, Committee and/or Boeing" of misconduct. (*See, e.g.*, Compl., ¶¶ 17, 22-23). Defendants further complain that Plaintiff offers no factual allegations to support her conclusory claims of misconduct.

Upon consideration, the Court agrees that Plaintiffs' allegations are insufficient to meet the pleading requirements of Rule 8. For example, Plaintiff does not properly allege the specific roles and functions undertaken by each Defendant, nor does she delineate the sequence of events leading to the allegedly improper denial of benefits. Without such basic information, the Court finds that Plaintiff fails to provide sufficient notice to Defendants of the allegations against them, and thus deprives Defendants of the opportunity to prepare an effective defense. The Court therefore will

---

8 Federal Rule of Civil Procedure 8 states in relevant part as follows: "A pleading that states a claim for relief must contain….(2) a short and plain statement of the claim showing that the pleader is entitled to relief…." *See* Fed.R.Civ.P. 8(a)(2).

grant Defendants' Motion to Dismiss[9], but again will grant Plaintiff leave to file an Amended Complaint in which she specifies the alleged duties and failures of each Defendant.[10]

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No. 5) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **Monday, August 10, 2015**, within which to file an Amended Complaint, in accordance with the foregoing.

Dated this 27th Day of July, 2015.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[9] Although Defendants do not seek dismissal of Count I in their motion, the Court finds the same deficiencies present in Plaintiff's pleading of that Count.
[10] In light of its allowance of an Amended Complaint, the Court will not address Defendants' assertion that Boeing and the Committee are not proper Defendants at this time.