IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI, EASTERN DIVISION

| | |
|---|---|
| LISA JONES, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) Cause No. 4:15-cv-00338 |
| v. | ) |
| | ) |
| AETNA LIFE INSURANCE COMPANY, | ) |
| THE BOEING COMPANY EMPLOYEE | ) |
| HEALTH AND WELFARE BENEFIT PLAN | ) |
| (PLAN 503), | ) |
| EMPLOYEE BENEFIT PLANS | ) |
| COMMITTEE, THE BOEING COMPANY, | ) |
| | ) |
|     Defendants. | ) |

## FIRST AMENDED COMPLAINT

Comes now Lisa Jones, and for her Complaint, states as follows:

1. Plaintiff, is a person who resides in St. Charles County, Missouri

2. Defendant Aetna Life Insurance Company ("Aetna") is a foreign insurance corporation, and served as a Claims Administrator for the "Plan."

3. The Boeing Company Employee Health and Welfare Benefit Plan (Plan 503) (the "Plan") is a Plan that operates pursuant to the Employment Retirement Income and Security Act (ERISA) for employees of the Boeing Company and is a Plan that provided both Short Term and Long Term Disability Benefits to Plaintiff.

4. Employee Benefit Plans Committee, The Boeing Company ("Committee") is an entity capable of being sued that served, pursuant to the Plan, as a Plan Administrator of the Plan.  Pursuant to the Plan, it had final decision making authority over the Plan, and either exercised that authority or assigned it to an entity when it knew or should have known that entity would do the acts enumerated herein.

5. Defendant Aetna Life Insurance Company determined Plaintiff's eligibility for benefits and was the funding source for the benefits provided by the Plan; as a result, this factor must be taken into consideration in determining whether it abused its discretion in its decisions.

## COUNT I – ACTION ON THE PLAN/POLICY PURSUANT TO ERISA §1132(a)(1)(B)

6. Plaintiff realleges paragraphs 1-6 as if fully set forth herein

7. On October 16, 2013 and thereafter, Plaintiff was covered by a short term and long term disability benefit as part of the Plan, and Plaintiff was disabled at that date and thereafter.

8. These benefits were funded by Defendant Aetna, and administered by Defendants Aetna and the Committee; or pleading alternatively, the benefits were funded thorough the Plan; or pleading alternatively, the role of the Plan in these disability benefits was to publicize this benefit and it received compensation for administrative services to transmit the premiums, while the premiums were paid solely by Plaintiff.

9. Plaintiff paid the premiums on these benefits, and satisfied all other conditions precedent of the receipt of these benefits. Participation in receiving these benefits was voluntary.

10. Defendants failed to timely pay the benefits owed pursuant to the Plan despite demand by Plaintiff.

11. Plaintiff is entitled to collect Attorney's Fees pursuant to the Employee Retirement Income and Security Act.

12. At the time of the disability, Plaintiff was 43 years old and entitled to receive benefits though the age of 65.  Plaintiff at the time was earning just in excess of $100,000 per year; as a result, Plaintiff would be entitled to benefits in excess of one million dollars pursuant to the terms of the Plan.

WHEREFORE, Plaintiffs respectfully request that judgment be entered against Defendants in an amount in excess of one million dollars, for costs, pre- and post-judgment interest, attorney's fees; and any other relief this Court deems just and proper.

## COUNT II – BREACH OF FIDUCIARY DUTY PURSUANT TO ERISA §1132(a)(3) AS TO AETNA AND THE COMMITTEE

13. Plaintiff realleges paragraphs 1-12 as if fully set forth herein.

14. Defendants Aetna and the Committee were acting as fiduciaries for the beneficiaries of the Plan due to their role as Plan and Claim Administrators, and either made decisions in regards to this claim as set forth below, set policies that generally guided these decisions, implemented these policies when they knew or should have known that such decisions would be made in handling Plaintiff's claim, or assigned its duties when it knew or should have known the assignee would do the acts enumerated herein.

15. As fiduciaries, Defendants were aware of the terms of the Plan, and specifically the definition of "disabled."

16. As fiduciaries, Defendants received social security records evidencing disability along with such assessments from Plaintiff's treating physicians and testing done on Plaintiff, which were ignored or discounted.

17. Instead, Defendants relied on paid claims reviewers that were predisposed to reject disability claims, heightened the requirement to actually be disabled in contravention to the requirements of the Plan, failed to obtain necessary records from Social Security and treating physicians that it knew or should have known evidenced Plaintiff's disability, and/or failed to provide guidance to Plaintiff on how she could establish her disability pursuant to the terms of the Plan.

18. Defendants breached their fiduciary duty, whether under ERISA or common law, by:

> a. failing to monitor the process of providing evidence of disability, specifically by failing to obtain medical records and failing to make adequate attempts to contact Plaintiff's physicians.
>
> b. failing to notify the participant as to how, when or where the evidence of disability be forwarded to the insurer, making requests of Plaintiff's physicians without advising Plaintiff, and failing to direct Plaintiff as to what and when supporting materials were needed
>
> c. failing to provide a full and fair review of the disability claim, by having inadequate time to review the claim, having an inadequate process of reviewing the claim, giving the Plaintiff a full and fair opportunity to participate in the review, and failing to provide a second level of review.
>
> d. heightening the requirement needed to prove disability by changing the definition of "disabled" from a state preventing the insured "from performing the material duties of [their] own occupation or other

appropriate work the Company makes available" to "no MRIs documenting any surgical conditions being present [and] no EMGs confirming radiculopathy," or a 'functional impairment and functional loss."

e.  failing to collect the necessary medical records and information, and failing to make reasonable efforts to contact treating physicians

f.  disregarding the assessment of treating physicians versus paid claims reviewers

g.  using claims examiners with a conflict of interest; i.e., a doctor who works for a company that sell drugs that directly compete with the drugs prescribed to Plaintiff, a doctor who either works for or is part owner of a company whose mission is to reduce disability claims and payments for companies, and doctors whose sole work experience is working directly or indirectly for companies in order to reduce disability claims and payments; as a result, these doctors ignored objective tests, the opinions of treating physicians, and/or made inadequate efforts to contact treating physicians and were predisposed to deny claims for disability

h.  ignoring or not properly weighing social security disability awards, and/or

i.  denying short term disability claims solely or predominately for the purpose of disqualifying claims for long term disability payments

19.  Pleading alternatively, as a direct result of this breach, Plaintiff did not receive the benefits she was entitled to under the short term and long term disability benefits policy.

20.  Plaintiff is therefore entitled to either restitution or surcharge or damages in an amount in excess of one million dollars.

21.  Plaintiff is also entitled to attorney's fees pursuant to ERISA.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants in an amount in excess of one million dollars, for costs, pre- and post-judgment interest, attorney's fees; and any other relief this Court deems just and proper.

LAW OFFICES OF DAVID C. KNIERIEM

**/s/David C. Knieriem**
David C. Knieriem     #37968MO
7711 Bonhomme, Suite 850
Clayton, MO  63105
314-862-5110
314-862-5943 (fax)
Attorney for Plaintiff
attorneydavek@cs.com

CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2015, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

**/s/David C. Knieriem**
David C. Knieriem     #37968MO
7711 Bonhomme, Suite 850
Clayton, MO  63105
314-862-5110