UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LISA JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:15CV338 JCH |
| ) | |
| AETNA LIFE INSURANCE COMPANY, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion for Partial Dismissal, filed August 25, 2015. (ECF No. 33). The motion is fully briefed and ready for disposition.

**BACKGROUND[1]**

Plaintiff Lisa Jones was a participant in Defendant The Boeing Company Employee Health and Welfare Benefit Plan (Plan 503) ("Plan"), an employee benefit plan sponsored by The Boeing Company ("Boeing") and governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et seq.* (First Amended Complaint ("FAC"), ¶¶ 3, 7; Plan, P. 95). Defendant Employee Benefit Plans Committee ("Committee") was the Plan Administrator for the Plan. (FAC, ¶ 4; Plan, PP. 93, 95). The Plan provided participants coverage for short term disability ("STD") benefits, and was administered by Defendant Aetna Life Insurance Company ("Aetna"). (FAC, ¶¶ 2, 8; Plan, PP. 22, 95, 104).

---

[1] The Court's background section is taken from Plaintiff's First Amended Complaint and the Plan, filed by Defendants and incorporated into Plaintiff's Complaint by reference. Plaintiff's original Complaint, filed February 23, 2015, was dismissed on July 27, 2015, with leave granted to file an Amended Complaint. (ECF Nos. 1, 24).

˘- 1 -˘

In her First Amended Complaint in this matter, filed August 11, 2015, Plaintiff alleges she became disabled as of October 16, 2013. (FAC, ¶ 7). She asserts that Aetna, the Committee and/or the Plan failed timely to pay her STD benefits. (*Id.*, ¶ 10). Based on these allegations, Plaintiff seeks benefits under 29 U.S.C. § 1132(a)(1)(B) (Count I), and alleges a breach of fiduciary duty under 29 U.S.C. § 1132(a)(3) (Count II). (*Id.*, ¶¶ 6-21).

As noted above, Defendants filed the instant Motion for Partial Dismissal on August 25, 2015, claiming Count II of Plaintiff's First Amended Complaint must be dismissed because: (1) Plaintiff's fiduciary breach claim is nothing more than a repackaged claim for benefits under § 1132(a)(1)(B), and (2) Plaintiff fails to allege said claim with sufficient particularity. (Memorandum in Support of Defendants' Partial Motion to Dismiss Plaintiff's Amended Complaint ("Defendants' Memo in Support"), PP. 4-9). Defendants further assert Defendant Committee must be dismissed, as it is not a proper party defendant to Count I of Plaintiff's First Amended Complaint. (*Id.*, PP. 9-10).[2]

## **STANDARD FOR MOTION TO DISMISS**

In ruling on a motion dismiss, the Court must view the allegations in the complaint in the light most favorable to Plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). The Court, "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). The complaint's factual allegations must be sufficient "to raise a right to relief above the speculative level," however, and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (abrogating the "no set of facts" standard for

---

2 In their motion, Defendants request that Boeing be dismissed as well. As noted by Plaintiff, however, Boeing is not a Defendant to Plaintiff's First Amended Complaint. (Plaintiff's Memorandum in Opposition to Motion to Dismiss Count II ("Plaintiff's Opp."), P. 3).

Fed.R.Civ.P. 12(b)(6) found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Furthermore, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555 (pleading offering only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not do)).

## DISCUSSION

### I. Should Count II Be Dismissed As Duplicative Of Count I?

In their motion, Defendants first assert Plaintiff's Count II fiduciary breach claim must be dismissed, as it consists of nothing more than a repackaged claim for benefits under 29 U.S.C. § 1132(a)(1)(B). (Defendants' Memo in Support, PP. 4-8). Upon consideration of Count II as it now stands, the Court agrees. In other words, Counts I and II apparently assert the same alleged errors on Defendants' part[3], including failing to obtain adequate medical records, relying on the opinions of paid reviewing medical consultants rather than treating physicians, utilizing claims examiners with conflicts of interest, ignoring or not properly weighing social security disability records, heightening the requirement needed to prove disability, and failing to provide a full and fair review of Plaintiff's disability claim. Moreover, Plaintiff seeks the same relief in both her § 1132(a)(1)(B) claim and her § 1132(a)(3) claim, i.e., the benefits she allegedly was entitled to under the short term and long term disability benefits policy.[4] Plaintiff's ability to seek this relief in her § 1132(a)(1)(B) claim forecloses her from also pursuing it in this § 1132(a)(3)(B) claim. *See Varity Corp. v. Howe*, 516

---

3 The Court says "apparently" because Count I is so sparsely pled, the asserted errors in Defendants' claims processing procedure are unclear.
4 The fact that Plaintiff inserts the equitable terms "restitution" and "surcharge" in her prayer for relief in Count II does not change the nature of the relief sought.

U.S. 489, 515, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996); *Conley v. Pitney Bowes*, 176 F.3d 1044, 1047 (8th Cir. 1999), *cert. denied*, 528 U.S. 1136 (2000).

In her response to Defendants' motion, Plaintiff asserts she is "not merely complain[ing] about the claims process in Count II," but rather "[t]he nature of the cause of action in Count II is that the Defendants have created a process that exists solely to deny claims (regardless of the merit of that claim) that therefore breaches their fiduciary duty." (Plaintiff's Opp., P. 1). The Court acknowledges that in *Hill v. Blue Cross and Blue Shield of Michigan*, the United States Court of Appeals for the Sixth Circuit recognized the possibility of a § 1132(a)(3)(B) claim for a separate and distinct injury arising out of a defect in *plan-wide* claim handling procedures. *See Rochow v. Life Ins. Co. of North America*, 780 F.3d 364, 373 (6th Cir. 2014) (discussing *Hill*, 409 F.3d 710, 718 (6th Cir. 2005)). *See also Conley*, 176 F.3d at 1047. The Sixth Circuit in *Hill* noted that the remedy for this injury, however, would be "injunctive relief under [§ 1132(a)(3)], not an additional award of monetary damages for the same denial of benefits." *Rochow*, 780 F.3d at 373 (citing *Hill*, 409 F.3d at 718). The *Rochow* court continued as follows:

> The present case does not fall within the *Hill* exception to *Varity* and *Wilkins [v. Baptist Healthcare System, Inc.*, 150 F.3d 609 (6th Cir. 1998)]. *Hill* distinguished between the denial of individual claims and plan-wide mishandling of claims as two distinct injuries. Section [1132(a)(1)(B)] provided relief for the denial of the *Hill* plaintiffs' individual benefits, and § [1132(a)(3)] remedied the systemic plan-wide problems that posed a potential for future injury. Contrast *Hill* with the present case, where the only asserted injury to Rochow is the denial of benefits and withholding of the same benefits. These are not distinct injuries; they are one and the same injury. Because Rochow has an adequate and effective remedy for this injury under § [1132(a)(1)(B)], he is not also entitled to relief under § [1132(a)(3)].

*Id.* As in *Rochow*, Plaintiff here does not seek injunctive relief in Count II of her First Amended Complaint, but rather seeks only damages resulting from Defendants' denial of benefits.[5]

---

5 With her response, Plaintiff again requested leave to amend her complaint. Plaintiff did not attach a proposed amended complaint to her response, however, and so the Court will deny her request for yet another bite at the apple

Finally, the Court finds Plaintiff's allegations are distinguishable from those in *Silva v. Metropolitan Life Ins. Co.*, 762 F.3d 711 (8th Cir. 2014), and *Martin v. Aetna Life Ins. Co.*, 2014 WL 2009079 (E.D. Mo. May 16, 2014), as in those cases the plaintiffs alleged alternative, not duplicative claims for relief. For example, in *Silva*, the plaintiff alleged (a) he was entitled to benefits under § 1132(a)(1)(B), as the insurance policy was valid and enforceable, or alternatively, (b) he was entitled to benefits as a form of "appropriate equitable relief" under § 1132(a)(3)(B), as the insurance policy was never validly approved due to defendants' fiduciary misconduct. *Silva*, 762 F.3d at 727-28. Likewise, in *Martin*, the plaintiff alleged (a) he was entitled to benefits under § 1132(a)(1)(B), as his claim was timely submitted, or alternatively, (b) he was entitled to benefits as a form of "appropriate equitable relief" under § 1132(a)(3)(B), as his failure timely to submit a claim was caused by Defendants' breaches of fiduciary duty. *Martin*, 2014 WL 2009079, at *4. By way of contrast, both of Plaintiff's claims in the instant suit rely on the proposition that Defendants received her claim, but then denied her benefits as a result of improper claims processing. As such the claims are duplicative, and Plaintiff's ability to pursue a § 1132(a)(1)(B) claim forecloses her from also seeking relief under § 1132(a)(3)(B). *See Pilger v. Sweeney*, 725 F.3d 922, 927 (8th Cir. 2013) (internal quotations and citation omitted) ("Where a plaintiff is provided adequate relief by the right to bring a claim for benefits under § 1132(a)(1)(B), the plaintiff does not have a cause of action to seek the same remedy under § 1132(a)(3)(B)."). [6]

**II.    Should The Committee Be Dismissed As A Defendant?**

In their motion, Defendants next assert that should Count II be dismissed, then the Committee must be dismissed as well, as it is not a proper party defendant to Plaintiff's claim for

---

at this juncture.
6 In light of the above ruling, the Court need not address Defendants' alternative assertion that Count II of Plaintiff's First Amended Complaint must be dismissed as insufficiently pled.

benefits under § 1132(a)(1)(B). (Defendants' Memo in Support, PP. 9-10). Upon consideration, the Court agrees, as under Eighth Circuit law the Committee, as plan administrator, "is not the proper defendant for an award of benefits under the Plan." *Brown v. J.B. Hunt Transport Services, Inc.*, 586 F.3d 1079, 1088 (8th Cir. 2009) (citation omitted). Defendants' Motion to Dismiss the Committee as a Defendant will therefore be granted.[7]

### III. Motion To Conduct Discovery

On August 7, 2013, Plaintiff filed a Motion to Conduct Discovery. (ECF No. 26). Plaintiff's request for discovery is framed entirely in terms of her claim for breach of fiduciary duty. In light of its dismissal of Count II of Plaintiff's First Amended Complaint, the Court will deny her Motion to Conduct Discovery.

### CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Partial Dismissal (ECF No. 33) is **GRANTED**.

**IT IS FURTHER ORDERED** that Count II of Plaintiff's First Amended Complaint is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Employee Benefit Plans Committee is **DISMISSED** as a Defendant in this matter.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Conduct Discovery (ECF No. 26) is **DENIED**.

---

[7] Defendants concede that both the Plan, responsible for any benefits payable under the Plan, and Aetna, the claims administrator with discretion to make benefit determinations, are proper Defendants to Count I. (Defendants' Memo in Support, P. 9).

**IT IS FURTHER ORDERED** that Defendants' Cross Motion for Protective Order to Stay Discovery (ECF No. 36) is **DENIED** as moot.

Dated this 16th Day of September, 2015.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE